## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVARTIS AG<br>Lichtstrasse 35<br>CH-4056, Basel<br>Switzerland<br><br>and<br><br>NOVARTIS VACCINES<br>AND DIAGNOSTICS, INC.<br>4560 Horton Street<br>Emeryville, California  94608<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br><br>                                        Defendant. | Civil Action No. 1:10-cv-01138 |

## JOINT STATUS REPORT

Pursuant to the Court's November 10, 2010 Minute Order and Local Rule 16.3, Plaintiffs Novartis AG and Novartis Vaccines and Diagnostics, Inc. ("Novartis" or "Plaintiffs") and Defendant Honorable David J. Kappos (hereinafter "USPTO" or "Defendant") hereby jointly submit this Joint Status Report.

A meeting of counsel pursuant to Fed. R. Civ. P. 26 and Local Civil Rule 16.3 was held on November 17, 2010.  The individuals involved in this meeting were Mark H. Anania on behalf of Novartis and Benjamin Wood and Thomas Shaw on behalf of the USPTO.

1

In accordance with the Court's November 10, 2010 Minute Order and Local Civil Rule 16.3, the parties state as follows:

**1.   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

NOVARTIS' POSITION:

To date, no dispositive motions have been filed. Novartis believes that the USPTO's expedited dispositive motion proposed below is premature, and would rob Novartis of its entitlement to discovery to support its equitable claims (namely, its claim for equitable tolling of the 180 day period in 35 U.S.C. § 154). Notwithstanding the foregoing, if the Court is inclined to entertain the USPTO's proposed dispositive motion at the outset, Novartis requests a teleconference with the Court at the Court's convenience to further discuss this issue.

The USPTO's POSITION:

In this civil action Novartis seeks judicial review of the USPTO's "patent term adjustment" determinations for nine of Novartis' patents. Under Section 154(b)(4)(A) of the Patent Statute, such actions must be filed within 180 days after the grant of each patent. There is no dispute that the action was not brought within 180 days after the grant of any of the patents at issue. Novartis' complaint alleges that the 180-day limitations period does not apply to this action or, in the alternative, that its failure to bring this action within the 180-day statutory limitations period should be excused under the doctrines of e.g., equitable tolling and the discovery rule. Thus, a threshold issue in this action is whether it is timely. It is Defendant's view that, to conserve judicial resources, a briefing schedule be established for the parties to file dispositive motions as to the timeliness of the action. If the Court determines that this action is

timely, the parties can at that time confer to narrow the issues for the Court's resolution.

**2.      The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

NOVARTIS' POSITION:

Novartis proposes March 1, 2011 as the deadline for joining other parties or amending the pleadings. To date, none of the factual or legal issued have been agreed upon or narrowed, but Novartis recognizes the potential for same by dispositive motion or otherwise. Novartis incorporates its response to item no. 1 above.

The USPTO's POSITION:

The USPTO believes that the timeliness of the present action be resolved before establishing a procedural schedule.

**3.      Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment of the case to a magistrate judge for all purposes, including trial.

**4.      Whether there is a realistic possibility of settling the case.**

The parties have not yet reached any agreement.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that this case is appropriate for, or would benefit from, the

3

Court's ADR procedures.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

NOVARTIS' POSITION:

No motions to dismiss have been filed, but Novartis believes that one (or more) of Novartis' causes of action may be resolved by summary judgment, after the benefit of discovery. Novartis proposes the following dates for summary judgment briefing and adjudication:

July 31, 2011:          Deadline for filing motion(s) for summary judgment;

August 31, 2011:      Deadline for opposition(s) to motion(s) for summary judgment, cross motion(s) for summary judgment

September 15, 2011: Deadline for reply to motion(s) for summary judgment;

October 15, 2011:     Propose date for decision on the motion(s) for summary judgment.

The USPTO's POSITION:

The USPTO believes that the present action is untimely and that it can be resolved by dispositive motion. The USPTO proposes the following schedule:

January 31, 2011:     Deadline for Defendant's motion for summary judgment;

March 31, 2011:       Deadline for Plaintiff's opposition to Defendant's summary-judgment motion and cross-motion for summary judgment;

April 30, 2011:        Deadline for Defendant's reply in support of its summary-judgment motion and opposition to Plaintiff's cross-motion for summary judgment;

<table>
<tr><td>May 31, 2011:</td><td>Deadline for Plaintiff's reply in support of its cross-motion for summary judgment.</td></tr>
</table>

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

NOVARTIS' POSITION:

As this is an action that arising only in part under the APA, complete disposition cannot be made on the administrate record alone.  Accordingly, Novartis believes that discovery as outlined herein is appropriate and that Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are warranted.

The USPTO's POSITION:

The USPTO believes that this is an action under the APA to be decided on the administrative record, and thus Fed. R. Civ. P. 26(a)(1)(b)(i) exempts this action from the initial-disclosure requirement of Fed. R. Civ. P. 26(a)(1)

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

NOVARTIS' POSITION:

Novartis' claims invoke other rights to relief beyond APA review of an agency's decision.  Accordingly, Novartis believes that discovery is appropriate in this case, and anticipate engaging in written discovery (document production, interrogatories, and request for admissions), along with possible depositions, directed towards, without limitation, Defendant's

pattern and practice of calculating patent term adjustment and whether there is an entitlement to relief under 35 U.S.C. § 154 outside of the 180 days provided in 35 U.S.C. § 154(b)(4)(A). Such discovery would be particularly relevant to whether Novartis is entitled to equitably toll the 180 day deadline of 35 U.S.C. § 154 (namely, whether Novartis had adequate notice of its claims and justifiably relied on the initial patent term determination by the USPTO). Equitable tolling principles <u>are</u> applicable to suits against the government. Novartis also reserve the right to conduct expert discovery if such proves necessary. Novartis further proposes that the standard limits for discovery imposed by the Federal Rules of Civil Procedure will be sufficient in this case. Novartis proposes <u>May 15, 2011</u> as the deadline to complete all fact discovery. Novartis also anticipates that a protective order will be necessary in this case to protect against the public disclosure of its confidential and/or trade secret proprietary information.

    <u>The USPTO's POSITION</u>:

The USPTO believes that this action is a review of an administrative action under the APA, which must be done on the administrative record before the agency when it made its decision. Accordingly, discovery is not appropriate. Novartis's seeks discovery of other actions taken by the USPTO as to other patents with ALLEGEDLY similar facts. Since estoppel does not run against the government, the USPTO does not believe that such discovery would result in any relevant information. The USPTO further believes that discovery disputes need not be resolved unless and until the action is determined to be timely. The USPTO further believes that a protective order will not be necessary as all documents constituting the administrative record are publicly available.

    **9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and**

**when depositions of experts should occur.**

NOVARTIS' POSITION:

Novartis proposes that expert discovery (if necessary) will proceed as follows: opening expert reports (for each party serving such a report) to be simultaneously exchanged on <u>May 30, 2011</u>; rebuttal expert reports to be simultaneously exchanged on <u>June 15, 2011</u>; depositions of experts to take place thereafter and a mutually convenient time, with expert discovery to close on <u>June 30, 2011</u>. Novartis foresee no other modifications to the requirements of Rule 26(a)(2).

The USPTO's POSITION:

The USPTO believes that because this action is a judicial review of an administrative action that is to be done on the administrative record, expert discovery is inappropriate. The USPTO further believes that discovery disputes need not be resolved unless and until the action is determined to be timely.

**10.     In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable to this case.

**11.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

NOVARTIS' POSITION:

Novartis believes that trial and/or discovery should not be bifurcated or managed in phases.

ME1 10879487v.1

The USPTO's POSITION:

The USPTO believes, as stated above, that discovery is inappropriate in this case, and further believes that matters concerning the THE MERITS OF PLAINTIFF'S CLAIMS need not be decided unless and until this action is determined to be timely.

**12.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

NOVARTIS' POSITION:

Novartis proposes November 1, 2011 for the pretrial conference.

The USPTO's POSITION:

See the USPTO's position with respect to item no. 11, above.

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

NOVARTIS' POSITION:

Novartis is amenable to the Court setting a trial date at the pretrial conference.

The USPTO's POSITION:

See the USPTO's position with respect to item no. 11, above.

**14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Neither party has any further matter to address.

Respectfully submitted,

| /s/Daniel J. Kelly | /s/Fred Elmore Haynes |
|---|---|
| Daniel J. Kelly (DC Bar No. 397795) | Fred Elmore Haynes |
| **McCARTER & ENGLISH, LLP** | **U.S. ATTORNEY'S OFFICE** |
| 265 Franklin Street | 555 4th Street, NW |
| Boston, MA  02110 | Room E - 4110 |
| Tel:  617-449-6526 | Washington, DC 20530 |
| Fax:  617-326-3088 | Tel:  202-514-7201 |
|  | Fax:  202-514-8780 |
| Scott S. Christie |  |
| Mark H. Anania | *Attorneys for Defendant Hon. David J. Kappos* |
| **McCARTER & ENGLISH, LLP** |  |
| Four Gateway Center |  |
| 100 Mulberry Street |  |
| Newark, NJ 07102 |  |
| Tel:  973-622-4444 |  |
| Fax:  973-624-7070 |  |

*Attorneys for Plaintiffs Novartis AG and Novartis Vaccines and Diagnostics, Inc.*

November 17, 2010